# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9635 | **DATE** | 2/11/2002 |
| **CASE TITLE** | United States Equal Employment Opportunity Commission vs. Sidley & Austin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court orders Sidley & Austin to comply with the EEOC's administrative subpoena duces tecum No. CH-0217 issued October 23, 2001 [#1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 12 2002 date docketed | |
| | Notified counsel by telephone. | | | 22 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 2/11/2002 | |
| | | 02 FEB 11 PM 4:23 | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Applicant, ) | |
| ) | |
| v. ) | No. 01 C 9635 |
| ) | |
| SIDLEY & AUSTIN ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Applicant, the United States Equal Employment Opportunity Commission ("EEOC"), moves this court to order that respondent, Sidley & Austin[1] ("Sidley"), a law partnership, comply with an administrative *subpoena duces tecum* No. CH-0217 issued October 23, 2001. The EEOC undertook an investigation of Sidley under sections 7(a) and (b) of the Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, after Sidley implemented in 1999 a new retirement plan ("the Plan") which changed the firm's mandatory retirement age for partners from 65 to a discretionary retirement age for partners from 60 to 65 and demoted partners, all but two of whom were over 40 years of age, to counsel or senior counsel status.[2] Sidley has responded to the subpoena in part but has resisted the subpoena insofar as it seeks

---

[1]As of May 1, 2001, Sidley & Austin merged with Brown & Wood and changed its name to Sidley Austin Brown & Wood. References to "Sidley" are to the firm as it existed at the time prior to the merger and the EEOC investigation unless otherwise expressly provided herein.

[2]The Supreme Court has recognized (in *dictum*) that the EEOC has the authority to initiate an investigation for alleged violations of the ADEA independent of the filing of a charge. See *Gilmer* v. *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991), relying on 29 CFR §§ 1626.4 and 1626.13 (1990), and cited in *Quad/Graphics, Inc.*, 63 F.3d 642, 648 n.4 (7th Cir. 1995).

1



documentation regarding the development of the Plan that led to the demotion of partners and reduction of the retirement age and particular information about Sidley partners, including the reasons the demoted partners were chosen for change in status.

For the reasons stated below, the motion of the EEOC is granted.

## STANDARDS FOR SUBPOENA ENFORCEMENT PROCEEDING

The ADEA prohibits employers from discriminating against an employee who is at least 40 years of age "with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. §§ 623, 631. It is undisputed that a partnership is an employer under the ADEA; and it is undisputed that the law does not reach the relationship between existing partners of a partnership. *Partners, Officers, Members of Boards of Directors, and Major Shareholders*, EEOC Compliance Manual Directives Transmittal No. 915.003 (2000), *available at* http://www.eeoc.gov/docs/threshold.html#2-III-A-1-d, ("In most circumstances, individuals who are partners . . . will not qualify as employees."); *see Burke v. Friedman*, 556 F.2d 867, 869 (7th Cir. 1977) (True partners in accounting firm cannot be regarded as employees under Title VII because of their unique status as business owners and managers and their share in the losses and profits.). Under the ADEA, the EEOC has power to make investigations "necessary or appropriate" for the administration of the statute. 29 U.S.C. § 626. Accordingly, the EEOC has power to subpoena documentary evidence of any person, partnership or corporation being investigated under the authority of ADEA. 15 U.S.C. § 49; 29 U.S.C. § 209. When the EEOC seeks enforcement of an administrative subpoena in federal court the court's role is "sharply limited." *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987). The court will enforce an administrative subpoena when the agency seeks information

2

that is reasonably relevant, is not too indefinite, and relates to an investigation within the agency's authority. *EEOC* v. *Quad/Graphics, Inc.*, 63 F.3d 642, 644-45 (7th Cir. 1995). The court will not enforce an administrative subpoena if these requirements are not met, *id.*, or if the subpoena was issued for an improper purpose. *See United States* v. *Powell*, 379 U.S. 48, 58 (1964) (In IRS enforcement proceeding, taxpayer has burden to show abuse, and that is not met merely by showing lack of probable cause: "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.").

## DISCUSSION

The record reflects that Sidley responded to the subpoena by providing documents demonstrating (beyond peradventure, in Sidley's view) that Sidley is a partnership. The information provided includes the partnership agreement, the capital accounts of the demoted partners, which total $12,337,668 (average: $385,552), the manner in which all partners' compensation was determined and the actual compensation of the demoted partners in 1999, and evidence that partners also share in whatever losses the firm incurs. Sidley refuses, however, to provide a copy of the Plan and related documents, a profile of each partner of the firm, and information about its retirement policies since 1970.[3] In short, Sidley believes that once it has

---

[3]EEOC seeks names, dates of birth, hire and admission to partnership, current title, practice groups, billing rates, hours billed and amounts collected for a several-year period, compensation and evaluative materials, and dates and reasons for separation where applicable. With respect to the 32 demoted partners, EEOC further seeks documentation for the reasons for the change of status, the date the partner was informed and the partner's subsequent fate. Further, EEOC seeks information concerning retirement policies, formal or informal, which have been in effect at Sidley since 1970 and information about all partners who have retired under a retirement policy, including their compensation from two years before retirement to the present.

3

established through undisputed facts that Sidley is a "true" partnership, the EEOC's inquiry must end.[4]

Sidley characterizes its objection as "jurisdictional," arguing that in regard to members of the Sidley partnership, Sidley is not subject to the EEOC's regulatory authority. *See Reich v. Great Lakes Indian Fish and Wildlife Comm'n*, 4 F.3d 490, 491, 495 (7th Cir. 1993) (district court properly refused to enforce subpoena after determining that protections of Fair Labor Standards Act ("FLSA") did not extend to fish and game wardens employed by a consortium of Indian tribes when wardens were performing functions that were not governed by the FLSA if exercised by employees of other governments) [hereinafter "*Great Lakes*"]. EEOC, on the other hand, characterizes the issues as one of "coverage," arguing that it certainly has jurisdiction over Sidley, an employer under the ADEA, and that the determination whether the affected individuals are "covered" by ADEA is for the agency to determine in the first instance. *See Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) (district court improperly usurped Secretary of Labor's authority to decide whether the employees about whom information was sought were "covered" by the FLSA).

Some courts have attempted to decide a subpoena enforcement question by determining whether the question is one of jurisdiction or of coverage. For example, in *EEOC v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1075-78 (9th Cir. 2001), the court pointed out that

---

[4]Sidley asserts that the EEOC is pursuing its investigation against it based on "the domination theory," which is where a partner is actually an employee even though she has many of the benefits and responsibilities of being a partner because she lacks voting power in the firm. Sidley contends that courts have consistently rejected this theory, relying primarily on *Wheeler v. Hurdman*, 825 F.2d 257 (10th Cir. 1987). The EEOC responds that it is not necessarily pursuing such a theory; although it distinguishes partners from employees, in part, according to whether the individual has input on decisions made by the firm. See Examples 1 and 2 in *Partners, Officers, Members of Boards of Directors, and Major Shareholders*, EEOC Compliance Manual Directives Transmittal No. 915.003 (2000), *available at* http://www.eeoc.gov/docs/threshold.html#2-III-A-1-d.

"jurisdiction" and "coverage" are sometimes used interchangeably and suggested that different results flow depending on which is at issue: "[F]actual challenges based on a lack of statutory 'coverage' are clearly not permitted, *see Endicott Johnson*, . . . while challenges based on 'jurisdiction' may, in certain circumstances, result in a refusal to enforce a subpoena, *see Great Lakes* . . . ." 260 F.3d at 1077. This court, respectfully, believes that *Endicott Johnson* and *Great Lakes* both address the same issue, however labeled, but with opposite outcomes. In *Endicott Johnson*, the court said it was the Secretary of Labor's decision to decide whether a class of employees about which information was sought was covered (protected) by wage and hours protections of the Walsh-Healy Act. In *Great Lakes*, the court determined that the particular class of employees was not covered (protected) and therefore the subpoena would not be enforced. Neither does the difference plainly lie in whether sufficient facts are known so as to make the issue of enforcement a "pure question of law,"[5] although a number of cases, while enforcing a subpoena, leave open the possibility that ". . . an exception might exist if the party under investigation were able to establish that there was clearly no factual or legal support for the

---

[5] Where jurisdictional/coverage facts are incomplete, the court will enforce the subpoena. *E.g., EEOC v. Roadway Express, Inc.*, 750 F.2d 750 F.2d 40, 42 (7th Cir. 1984) ("A district court should only examine the substance of the EEOC's underlying claim if the opposing party can show that there is no factual or legal support for the agency's preliminary determination to investigate."); *EEOC v. Peat, Marwick, Mitchell and Co.*, 775 F.2d 928, 930 (8th Cir. 1985) (where documents of partnership bore on whether "partners" were within the definition of "employees" under ADEA, the EEOC has authority initially to determine coverage). But there are cases in which a controlling question of law on undisputed facts did not persuade the court to refuse enforcement. *E.g., Endicott Johnson*, 317 U.S. at 508 (Secretary of Labor authorized to subpoena payroll records of employees to determine whether wage and hours violations had occurred without first determining whether employees were "covered" by Walsh-Healy Act's protections: "[The Secretary] might find it advisable to begin by examining the payroll, for if there were no underpayments found, the issue of coverage would be academic."); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 923 (11th Cir. 1991) (whether Bahamian ship was subject to EEOC jurisdiction not appropriately decided at subpoena enforcement stage: "[s]o long as the agency makes a 'plausible' argument in support of its assertion of jurisdiction," a court must enforce the subpoena.); *Tempel Steel Co.*, 814 F.3d at 485 (court will not consider timeliness defense at subpoena enforcement stage); *EEOC v. Inst. of Gas Tech.*, No. 79 C 786, 1980 WL 219, *2 (N.D. Ill. July 23, 1980) ("[A]s intriguing as the issue of whether Title VII applies extraterritorially, an issue which has never been decided by a court of the United States, the court may not determine the merits of that issue in this proceeding.").

agency's preliminary determination to investigate[.]" *Tempel Steel Co.*, 814 F.3d at 485 (citing *EEOC v. Roadway Express*, 750 F.2d 40, 42 (7th Cir. 1984). And, in *Great Lakes,* the court determined the coverage issue because "[t]he Commission admits that it does not pay time and a half for overtime; and the question of statutory coverage is independent of any information that the subpoena might produce, as it is a question purely of law." 4 F.3d at 490.

In light of all the cases cited, the court concludes that it may not decide the coverage question at the subpoena enforcement stage unless the respondent can demonstrate that the facts are so clear that a ruling on the law is, in a sense, necessary to prevent the EEOC from pursuing what is tantamount to an improper purpose. *See id.* ("Compliance with a subpoena is a burden, and one that a person or institution that can show it is not subject to the regulatory regime in aid of which the subpoena was issued should not be required to bear."); *Karuk Tribe Hous. Auth.,* 260 F.3d at 1076, *quoting Fed. Mar. Comm'n v. Port of Seattle,* 521 F.2d 431, 433 (9th Cir.1975) (*quoting Endicott Johnson,* 317 U.S. at 509) ("[C]ourts must enforce administrative subpoenas unless "the evidence sought by the subpoena [is] "plainly incompetent or irrelevant" to "any lawful purpose" of the agency.'"); *EEOC v. Peat, Marwick, Mitchell and Co.*, 775 F.2d 928, 930 (8th Cir. 1985) (dissenting opinion) ("I cannot agree that the EEOC investigation of the relationships among the PM partners is supported by a legitimate purpose.").[6]

"A partnership is an association of two or more persons to carry on as co-owners a

---

[6] Sidley attempts to distinguish *Peat, Marwick, Mitchell and Co.,* 775 F.2d at 928, based on the facts, pointing out that the firm in that case did not comply with the EEOC's subpoena whereas Sidley has complied with the bulk of the EEOC's subpoena and, generally, its investigation, answering "dozens and dozens" of interrogatories, attending meetings with the EEOC, and reviewing hundreds of documents. While the firm in *Peat, Marwick, Mitchell and Co.* may have failed to comply with the EEOC's subpoena, it appears that the firm put similar facts before the court as Sidley has in order to challenge the EEOC's jurisdiction/statutory coverage, as indicated in Judge Gibson's dissenting opinion. The court, therefore, finds this distinction unpersuasive in determining whether the EEOC has the authority to subpoena Sidley.

6

business for profit." Uniform Partnership Act § 6, 850 ILCS § 205/6. EEOC does not rely solely on the label "partner" but uses a variety of factors to evaluate whether a person classified as partner is, in fact, an employee. "The investigator should determine whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control. If the individual is subject to the organization's control, s/he is an employee." EEOC Compliance Manual Directives Transmittal No. 915.003. The EEOC has developed a list of six factors to be considered in determining whether a partner is an employee: (i) whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; (ii) whether and, if so, to what extent the organization supervises the individual's work; (iii) whether the individual reports to someone higher in the organization; (iv) whether and, if so, to what extent the individual is able to influence the organization; (iv) whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; (vi) whether the individual shares in the profits, losses, and liabilities of the organization. (Mem. in Supp. of Application for Order to Show Cause at pp. 15-16.) Sidley, in short, responds that whatever the EEOC's own guidance may be, the courts have consistently concluded that an individual who contributes to the partnership's capital, shares in the partnership's profit and losses, and is subject to liabilities of the partnership is a "co-owner" and thus a partner. Sidley cites 16 court decisions on case-dispositive motions (see Mem. in Opp'n at pp. 18-19), that it believes point to the incontrovertible conclusion that its demoted partners were true partners, arguing that because Sidley has provided the information that it believes satisfies all of the indicia of partnership on which the courts rely, the subpoena should not be enforced. The cases, as a group, favor Sidley in their outcomes, nevertheless, each entails a fact-specific

7

analysis of the partnership presented. This court cannot find with utter confidence that there are no facts that could be contained within the subpoenaed information that would make a difference such that, in effect, Sidley is now entitled to judgment as a matter of law.[7]

**ORDER**

For these reasons, the court orders Sidley & Austin to comply with the EEOC's administrative *subpoena duces tecum* No. CH-0217 issued October 23, 2001 [#1].

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 11, 2002

---

[7]Sidley, in impressive lawyer-like fashion, frames a syllogism: a true partner contributes to capital, shares in the profits, is subject to the liabilities of the partnership, and participates in administration of the firm; all Sidley's partners contribute to capital, share in the profits, are subject to the liabilities of the partnership, and participate in administration of the firm. Therefore, all Sidley's partners are true partners. It is clear, however, from the cases that many factors are considered in addition to these core factors in reaching a decision. The particular combination of factors that may add or detract from the core elements of partnership so as to persuade the EEOC to proceed with a charge of discrimination is a determination Congress has committed to the executive authority of the EEOC.